Case 5:25-cv-01491-KK-SK   Document 1   Filed 06/16/25   Page 1 of 9   Page ID #:1

Related DDJ
FILED
CLERK, U.S. DISTRICT COURT
JUN 16 2025
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

Filer:
**Randy Dewayne Pittman**
Post Office Box 610842
San Jose, CA 95161-0842
(305) 900-6545
randy@randypittman.com

NO CV 30

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

Case No.: 5:25-CV-01491-KK-SK

RANDY DEWAYNE PITTMAN,

Plaintiff,

vs.

FEDERAL BUREAU OF PRISONS;
WILLIAM K. MARSHALL, III –
DIRECTOR;
MELISSA RIOS-MARQUES –
REGIONAL DIRECTOR;
E. RICOLCOL – WARDEN,

Defendant(s).

CIVIL COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF, TEMPORARY RESTRAINING
ORDER, AND DAMAGES

JURY TRIAL DEMANDED

**COMES NOW,** your Plaintiff, **RANDY DEWAYNE PITTMAN** and represents unto this **HONORABLE COURT** (hereafter referred to as "Court") as follows, to-wit:

## INTRODUCTION

This lawsuit is about bureaucratic arrogance, executive laziness, and an unconstitutional culture of censorship inside the Federal Bureau of Prisons (BOP) — specifically at FCI Victorville #1. What began as a legitimate policy to prevent the introduction of contraband has been bastardized into a Frankensteinian abuse of power by Warden E. Ricolcol and sanctioned by Regional Director Melissa Rios-Marques, who sit perched in their respective towers of apathy while the rights of ordinary Americans are ground to dust.

To be unequivocally clear: there is only one provision in the relevant BOP Program Statement that bears the force of law when it comes to incoming photographs — the numerical limit of 25 photographs per envelope. That is it. Nothing more. Nothing less. Yet Warden Ricolcol, with the blind complicity of Regional Director Rios-Marques and the Director of the BOP, William K. Marshall, III, has chosen to play legislator, judge, and executioner, inventing from thin air a so-called "Complex Supplement" that purports to outlaw colored paper, oversized photographs, card stock, mailing labels, envelopes with more than five sheets, and other nonsense under the fictitious authority of "VIX 5800.16D."

Nowhere — and it bears repeating, nowhere — in Program Statement 5800.16, 5265.14, or any other BOP policy approved by Congress or the Attorney General does it mention any prohibition on the size of a photograph, colored paper, or the number of pages enclosed. The BOP is not the legislature. It cannot write law.

Yet in 2025, Victorville staff are still enforcing a set of obsolete rules from a bygone era, as though they haven't noticed that since 2022, all mail is photocopied before it ever reaches an inmate.

What does that mean? It means there is no justification — zero, zilch, nada — for rejecting incoming mail based on paper type, color, or size. The inmate never receives the original. The only thing they receive is a sterile, low-resolution, grayscale photocopy. If the original envelope were soaked in fentanyl and glitter-bombed with ricin, it would be irrelevant. The inmate never sees it. It gets copied. The original is destroyed after thirty (30) days. So what exactly is the Warden protecting anyone from?

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States.

Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to the claims occurred at FCI Victorville #1; located in Victorville/Adelanto, California and within the jurisdiction of this Honorable Court.

## PARTIES

Plaintiff **Randy Dewayne Pittman** is a private citizen and correspondent who has repeatedly attempted to send lawful mail to inmates at FCI Victorville #1.

Defendant **Federal Bureau of Prisons** (BOP) is an agency of the U.S. Department of Justice responsible for the custody and care of federal prisoners and for implementing institutional policies, including mail policies.

Defendant **William K. Marshall, III**, the current Director of the BOP, is charged with overseeing all BOP operations and is sued in his official capacity.

Defendant **Melissa Rios-Marques** is the Regional Director responsible for oversight of numerous federal prisons (including FCI Victorville #1) and is sued in her individual and official capacities.

Defendant **E. Ricolcol** is the Warden of FCI Victorville #1 and is sued in both his individual and official capacities.

## FACTUAL ALLEGATIONS

On May 27, 2025, Plaintiff mailed two certified parcels: one to George Galaz (Tracking No. **7021 0950 0002 0405 7273**) and another to Jedidiah Michael Noble (Tracking No. **7021 0950 0002 0405 6801**). Both were addressed correctly, included proper postage, and conformed to all USPS regulations.

On June 02, 2025, Plaintiff mailed a certified parcel to Angel Alejandro Carmona (Tracking No. **7021 0950 0002 0405 3282**). The parcel was addressed correctly, including proper postage, and conformed to all USPS regulations.

All three of these parcels were rejected by FCI Victorville #1, which affixed a pre-printed rejection label citing the following reasons:

**"COMPLEX SUPPLEMENT VIX 5800.16D - EXCESS PHOTOGRAPHS (+25), OVERSIZED PHOTOGRAPHS, COLORED PAPER, EXCESS PAPER (+5), ADDRESS STICKERS, CARD STOCK, OR ANY OTHER UNAUTHORIZED ITEM."**

To begin, this Honorable Court must undoubtedly marvel at a seemingly ubiquitous aspect of modern postal service: the humble address sticker. It's truly a groundbreaking revelation for the Bureau of Prisons to contend with, as ANYTIME a conscientious USPS customer wishes to employ the novel concept of expedited, tracked, or insured mail, a sticker—yes, a literal adhesive label—is, by some baffling postal decree, MANDATORY. Consider the certified mail label, that cunning little sticker that so brazenly flaunts its scannable barcode, daring to track a parcel's journey. Or perhaps the Priority Mail envelope, which, in its sheer audacity, can only be dispatched by affixing its very own Priority Mail shipping label, another one of those pesky address stickers.

These rather inconvenient facts alone should render the aforementioned provision not just unlawful, but an exemplary display of bureaucratic ingenuity. To gravely suggest that a law-abiding citizen cannot dispatch a parcel to a prisoner via Certified Mail, Priority Mail, or Registered Mail—all of which, in their infinite wisdom, require an "address sticker"—is not merely asinine; it's a profound misinterpretation of reality. This, among other equally perplexing policies, stands as a primary impetus for this Complaint. One can only assume that, given enough time, the BOP will have heroically identified a security threat lurking within every conceivable form of mail delivery, thereby achieving its ultimate triumph: the near-total eradication of communication from the outside world, unless, of course, someone bravely steps forward to rectify these peculiar injustices.

Of these, only the "+25 photographs" restriction exists in actual BOP policy. All others are fabrications.

Oversized Photographs? A photograph is a photograph. The size does not convert it into contraband.

Colored Paper? The rationale for rejecting colored paper — that it can hide drug residues — is nullified because all incoming mail is photocopied before delivery. Inmates never touch the original document.

Excess Paper (+5)? There is no rational or legal basis for this arbitrary limit. Defendants must demonstrate how a sixth sheet of paper presents a security threat.

Card Stock? Previously barred due to its absorbency for drugs — again, irrelevant now due to the photocopying process.

Mailing Labels were once prohibited because it was alleged that a person could hide drugs or contraband behind the mailing label. This is now an obsolete provision since the envelopes are photocopied and the inmate never receives the actual envelope. Defendants must demonstrate how an address sticker presents a security threat.

The phrase "Any Other Unauthorized Item" isn't merely vague; it's a stroke of genius in its ambiguity, a veritable black hole into which any inconvenient piece of mail can disappear. This provision, in its boundless wisdom, grants BOP staff not just discretion, but unfettered, almost artistic liberty to censor mail arbitrarily. Indeed, it appears to function less as a guideline and more as a remarkably convenient tool for staff to, shall we say, curate the mail received by inmates—particularly those who have the distinct misfortune of corresponding with the Plaintiff in this case.

One can't help but admire the sheer versatility with which the BOP consistently applies this provision, conjuring up a diverse array of reasons for rejecting the Plaintiff's mail. It's almost as if the true "unauthorized item" in question is simply the sender themselves. Such a marvelously adaptable catch-all is, of course, utterly unconstitutional and should be promptly retired from active duty.

These restrictions, long obsolete, are now maintained solely out of bureaucratic laziness and institutional arrogance. The government — once it seizes power — rarely relinquishes it, even when the justification disappears. If mailing labels no longer pose a threat to security then why are they still banned? Because the BOP enjoys the power.

Many people in the real world use mailing labels and, in the real world, they are not any threat. In the BOP, mailing labels were once a security threat but now that the mail is photocopied there is no way to justify a security threat. But, when the BOP rejects a piece of mail because of these labels, it is very inconvenient to the sender of the mail and to the inmate awaiting the mail.

This Honorable Court will always give weight to the security of a prison but when the policy statement can no longer be justified, this Honorable Court should weigh in favor of reality and common sense. If mail (including the envelope) is photocopied then there is no reason this provision should exists.

The BOP has now begun rejecting mail because the parcel boasts a return address with a Post Office box as the return address. In-fact, the BOP stamps the envelope with a stamp that says: "Return to Sender" and it is hand-written on the envelope: "Need Address No PO Box."

The USPS recognizes a Post Office box as a legitimate mailing address and/or return address. The BOP cannot arbitrarily reject a mailed parcel because the parcel displays a return address listed at a Post Office box address. The fact that the parcel was returned to a Post Office box proves the return address is correct. Therefore, this Honorable Court should find this provision to be unlawful and force the BOP to accept any mailed parcel that contains a Post Office box as the return address since that is the only address the Plaintiff has.

## CAUSES OF ACTION

**Count I – First Amendment Violation**

The censorship of lawful correspondence for illegitimate or irrational reasons violates the First Amendment. See *Procunier v. Martinez*, 416 U.S. 396 (1974); *Turner v. Safley*, 482 U.S. 78 (1987).

**Count II – Violation of the Administrative Procedure Act**

Defendants' conduct is arbitrary, capricious, and contrary to binding internal rules in violation of **5 U.S.C. § 706(2)(A)–(D)**.

**Count III – Fifth Amendment Due Process Violation**

Rejecting mail without adequate notice or a meaningful opportunity to contest rejection deprives Plaintiff of procedural due process. See Mathews v. Eldridge, 424 U.S. 319 (1976).

## LEGAL AUTHORITY

The BOP acts as an agent of the United States Postal Service with respect to the receipt and internal distribution of mail. See *United States v. Morrison*, 529 U.S. 598, 608 (2000). Federal law, including **18 U.S.C. § 1702**, prohibits obstruction of correspondence without legal justification. USPS regulations (**DMM § 602**) explicitly allow P.O. Boxes and certified mail.

Once mail is delivered to the institution's mailbox, the BOP is bound by federal law and must distribute it — not arbitrarily destroy or return it based on invented local rules.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

i. Declare the censorship practices unlawful and unconstitutional;
ii. Issue a Temporary Restraining Order enjoining Warden Ricolcol and his staff from rejecting or censoring mail on any basis other than the 25-photograph limit, until the conclusion of this litigation;
iii. Enjoin Defendants from enforcing "**VIX 5800.16D**" or any similar policy not expressly authorized by formal BOP Program Statement;
iv. Mandate that all mail be photocopied and delivered to inmates within 24 hours of receipt at the institution;
v. Award compensatory and punitive damages in excess of $75,000;
vi. Award costs and fees under the Equal Access to Justice Act (**5 U.S.C. § 504**);
vii. Grant any additional relief deemed just and proper.
viii. Plaintiff demands a trial by jury on all issues so triable.

// // // // // // //

// // // // // // //

// // // // // // //

// // // // // // //

1 | **Respectfully submitted**, this the 11th day of June in the year of the Lord 2025.

By: _____
Randy Dewayne Pittman
Post Office Box 610842
San Jose, CA 95161-0842
(305) 900-6545
randy@randypittman.com



**UNITED STATES POSTAL SERVICE®** | **PRIORITY® MAIL**

- Expected delivery date specified for domesti...
- Domestic shipments include $100 of insuran...
- USPS Tracking® service included for domesti...
- Limited international insurance.**
- When used internationally, a customs declara...

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSURED**


PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2


USPS TRACKING #
9114 9999 4431 4649 2761 75

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP


PAPER POUCH

**SHIP FROM:**
Randy D. Pittman
Post Office Box 610842
San Jose, CA  95161-0842

**PRIORITY MAIL**
UNITED STATES POSTAL SERVICE

**SHIP TO:**
Edward R. Roybal Federal Building
and United States Courthouse
Clerk of the District Court
255 East Temple Street
Suite 180
Los Angeles, CA 90012-3332


RECEIVED
CLERK, U.S. DISTRICT COURT
JUN 16 2025
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY



**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**TRACKED ■ INSURED**



PS00001000014
EP14F October 2023
OD: 12 1/2 x 9 1/2

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.